UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HERBERT STUDSTILL EL,

      Plaintiff,

v.

JALITA FLOYD-KING,

      Defendants.

_____/

Case No. 16-cv-12406
Hon. Matthew F. Leitman

## ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS (ECF #2) AND (2) DISMISSING PLAINTIFF'S COMPLAINT (ECF #1) WITHOUT PREJUDICE

On June 24, 2016, Plaintiff Herbert Studstill El ("Studstill El") filed this action against Defendant Jalita Floyd-King ("Floyd-King"). (*See* Compl., ECF #1.) Studstill El appears to allege that Floyd-King, his mother, made false statements about him when she attempted to have him admitted to Oakwood Annapolis Hospital for mental health treatment. (*See id.* at 5, Pg. ID 5.)  Studstill El further alleges that Floyd-King slandered him when she made false statements during a show cause hearing in Michigan's 34th District Court. (*See id.* at 6-7, Pg. ID 6-7.) Studstill El has also filed an application to proceed in this action without the prepayment of fees or costs (the "Application").  (*See* ECF #2.)  For the reasons

1

stated below, the Court **GRANTS** the Application and **DISMISSES** the Complaint **WITHOUT PREJUDICE**.

## I

Applications to proceed without the prepayment of fees or costs are governed by 28 U.S.C. § 1915(a)(1).  That statute provides that a federal court "may authorize the commencement ... of any suit, action, or proceeding ... by a person who submits an affidavit that includes a statement of all assets ... that the person is unable to pay such fees...." *Id.*

In the Application, Studstill El says that he earns no wages, has no money in any bank accounts, and has no sources of income. (*See* Application at 1-2, Pg. ID 29-30.) The Court has reviewed the Application and is satisfied that the prepayment of the filing fee would cause an undue financial hardship on Studstill El. The Court therefore grants the Application and permits Studstill El to file his Complaint without prepaying the filing fee.

## II

When  a plaintiff is allowed to proceed without the prepayment of fees or costs, the Court is required to screen the complaint and dismiss it if it (i) asserts are frivolous or malicious claims, (ii) fails to state a claim upon which relief may be granted, and/or (iii) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2). While the Court must liberally construe

2

documents filed by a *pro se* plaintiff, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), a complaint filed by such a plaintiff must still plead sufficient specific factual allegations, and not just legal conclusions, in support of each claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–679 (2009); *see also Hill v. Lappin*, 630 F.3d 468, 470–471 (6th Cir. 2010) (holding that the dismissal standard of *Iqbal* applies to a Court's review of a complaint under § 1915(e)(2) for failure to state a claim).

Moreover, federal courts are courts of limited jurisdiction. This Court has jurisdiction over (1) "all civil actions arising under the Constitution, laws, or treaties of the United States" (28 U.S.C. § 1331 – "federal question jurisdiction") and (2) "all civil actions where the matter in controversy exceeds the sum or value of $75,000...and is between citizens of different states" (28 U.S.C. § 1332 – "diversity jurisdiction"). The Court is obligated to consider *sua sponte* in every action whether it has subject matter jurisdiction and to dismiss the action if it lacks subject matter jurisdiction. *See, e.g.*, *In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005); *See also* Fed. Rule Civ. Proc. 12(h)(3).

Here, as described above, Studstill El appears to have brought a common-law slander suit against his mother, Floyd-King. (*See, generally, Compl.*) On the face of his Complaint, Studstill El has failed to establish that this Court has subject matter jurisdiction over his claims. Indeed, Studstill El has failed to plead either that (1) he and his mother are citizens of different states and that the amount in

controversy exceeds $75,000 or (2) his slander claims arise under federal law such that federal question jurisdiction exists.  Simply put, "[n]othing in [Studstill El's] Complaint suggests a basis for a federal claim over which this Court may properly exercise subject matter jurisdiction." *Smith v. United Way of Genesee County*, 16-cv-11320, 2016 WL 1615710, at *3 (E.D. Mich. Apr. 22, 2016) (dismissing *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2) for failing to plead the existence of subject matter jurisdiction).

Accordingly, because the Court lacks subject matter jurisdiction, **IT IS HEREBY ORDERED** that the Complaint (ECF #1) is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. Rule Civ. Proc. 12(h)(3). The Court certifies that any appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

    **IT IS SO ORDERED**.

                                    s/Matthew F. Leitman
                                    MATTHEW F. LEITMAN
                                    UNITED STATES DISTRICT JUDGE
Dated:  July 1, 2016

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 1, 2016, by electronic means and/or ordinary mail.

                                    s/Holly A. Monda
                                    Case Manager
                                    (313) 234-5113

4